UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHIN CHIU MAK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-3409 |
| | § | |
| OSAKA JAPANESE RESTAURANT, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Conditional Certification (Doc. 20). Upon review and consideration of the motion, the response (Doc. 23) and reply thereto (Doc. 26), the relevant legal authority, and for the reasons stated below, the Court concludes that the motion should be granted.

### I.   Background

Plaintiff Chin Chiu Mak ("Mak") filed this suit on behalf of himself and those similarly situated against Defendants Osaka Japanese Restaurant, Inc. ("Osaka") and Osaka's owner, Xue Yi Lin ("Lin") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.  Defendants operate a Japanese restaurant with two locations: one on Westheimer Road ("Osaka 1") and the other on Bellaire Boulevard ("Osaka 2") in Houston, Texas.  Mak was employed as a sushi chef at Osaka 1 from October 2002 until April 2012.  (Pl.'s Decl., April 4, 2013, Doc. 20-2 ¶ 2).  According to Mak, he worked approximately twelve hours per day, six days per week, and was paid a flat daily rate of $145 per day for all hours worked.  (Doc. 20-2 ¶¶ 4- 5).  Mak alleges that he was not paid the applicable FLSA

overtime rate of one and one-half times the regular rate for the hours he worked in excess of forty per workweek.

Mak now moves for conditional certification of a class of "all employees of Defendants who, at any point, during the past three years prior to the filing of this lawsuit, worked more than forty hours per week at any location owned and/or operated by the Defendants and did not receive overtime pay." (Doc. 20 at 6). In support of his motion, Mak offers the names of two other sushi chefs he claims were paid in the same manner: Eric Ho and Jerry Yip. (Doc. 20-2 ¶¶ 7-8). Additionally, Mak provides a declaration from Wei Wang, who worked as a waiter and later as a manager for Defendants at both Osaka locations. (Wang Decl, Apr. 5, 2013, Doc. 20-3 ¶ 2). Wang corroborates Mak's allegations regarding Defendants' pay practices for sushi chefs. (Doc. 20-3 ¶¶ 4-5, 10).

Defendants contend that certification of this class is not appropriate, as Mak has not made a sufficient showing that similarly situated individuals exist and wish to opt in to the lawsuit. (Doc. 23 at 2). Alternatively, Defendants ask that if the Court does grant conditional certification in this case, it limit the class to sushi chefs employed by Osaka, since Mak has not presented any evidence of a policy or plan that affected all current or former employees of Osaka. (Doc. 23 at 4). In Mak's reply in support of his motion for conditional certification, Mak does not oppose adding language to the notice that limits the class to "current and former sushi chefs." (Doc. 26 at 4). Therefore, the Court will add this description to the proposed class in considering Mak's motion.

## II.   Legal Standard

Under the FLSA, no employer shall employ any nonexempt employee in excess of forty

hours per week without compensation at one and one-half times the regular rate. 29 U.S.C. §§ 206(a), 207(a). Section 216(b) of the FLSA permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. 216(b). Collective actions serve the purpose of decreasing litigation costs by efficiently resolving common issues of law and fact in a single proceeding. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). To certify a collective action under the FLSA, two requirements must be satisfied. "First, the named representative and the putative members of the prospective FLSA class must be similarly situated. Second, the pending action must have a general effect." *England v. New Century Fin. Corp.*, 370 F.Supp. 2d 504, 507 (M.D. La. 2005). Class treatment is not appropriate where the action arises from circumstances that are "purely personal to the plaintiff, and not from any generally applicable rule or policy." *Id.*

The Fifth Circuit has noted the two different tests that courts apply to determine if the putative class members are "similarly situated." *Mooney v. Armaco Srvcs. Co.*, 54 F.3d at 1213–14 (5th Cir. 1995). Like most district courts, this Court has generally adopted the two-stage approach articulated in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987), which consists of (i) a notice stage, followed by (ii) a decertification stage.[1] *See Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916 n.2 (5th Cir. 2008) (finding that "collective actions typically proceed in two stages"). At the notice stage of the *Lusardi* approach, the district court first makes a preliminary determination of whether potential plaintiffs are similarly situated to the named plaintiff. *Mooney,* 54 F.3d at 1213–14. If they are, then the court conditionally certifies the action and authorizes notice to potential plaintiffs to opt in, and the suit "proceeds as a representative action throughout discovery." *Id.* at 1214. Generally, after the close of discovery,

---

[1] A second, less common approach is the "spurious" class action procedure employed in *Shushan v. Univ. of Colo.,* 132 F.R.D. 263 (D. Colo. 1990), which analyzes collective certification according to the Rule 23 class action requirements; i.e., numerosity, commonality, typicality and adequacy of representation.

the defendant initiates the second stage by filing a motion for "decertification." *Id.* At the decertification stage, the Court makes a factual determination of whether the plaintiffs are "similarly situated" based on the discovery evidence. *Id.* If the court determines from the discovery evidence that the plaintiffs are in fact similarly situated, then the case continues as a representative action. *Id.* If the court finds that the plaintiffs are not similarly situated, then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id.* at 1213–14.

The instant case concerns the first step of *Lusardi*, the notice stage. At the notice stage, plaintiffs bear the burden to establish that they are similarly situated to other employees in the proposed class. *England*, 370 F. Supp. 2d at 507. Plaintiffs are similarly situated when they have the same job requirements and pay provisions. *Aguilar v. Complete Landsculpture, Inc.*, 3:04-cv-0776-d, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2011). Courts determine whether the burden has been met using a "fairly lenient standard," requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney,* 54 F.3d at 1214, n.8 (citing *Sperling*, 118 F.R.D. at 407); *see also England*, 370 F. Supp. 2d at 507-08 (Plaintiffs must offer support of "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]."). A court will customarily make a decision "based only on the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1213-14. Generally, to meet this burden, a plaintiff must show "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those

individuals want to opt in to the lawsuit[2]." *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (citing *Maynor v. Dow Chemical Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)); *Aguirre v. SBC Commc'ns, Inc.*, No. Civ.A.H-05-3198, 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (same). "[C]ourts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified . . .; whether affidavits of potential plaintiffs were submitted . . .; and whether evidence of a widespread discriminatory plan was submitted." *England*, 370 F. Supp. 2d at 508 (quoting *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399 (E.D. Tex. 1999).

If a class is conditionally certified, courts have discretion in how notice is distributed. *Mooney,* 54 F.3d at 1214; *see Hoffman-La Roche, Inc.*, 493 U.S. at 169 (establishing that "courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs"); *see also Ali v. Sugarland Petroleum*, 2009 WL 5173508, at *3 (finding that "the court may exercise its discretion in defining the class of plaintiffs who will receive notice and how they will be notified"). For example, a court may grant certification but limit the plaintiff's desired notice. *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. Sept. 30, 2011).

**III.   Discussion**

This case presents two issues: (1) whether Mak meets his burden for conditional certification of the proposed class; and (2) if so, what form of notice is appropriate and how should it be distributed.

---

[2] Some courts have rejected this third non-statutory element. *See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc.,* No. H–08–1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec.11, 2008).

### A. *Conditional Certification*

The Court finds that Mak meets his burden to establish that he is similarly situated to other employees in the proposed class. In his declaration, Mak states that he was required to work approximately 73 hours per week and was paid a flat rate of $145 per day. He did not receive overtime compensation for the hours he worked in excess of forty per workweek. In addition, Mak offers the names of two other sushi chefs, Eric Ho and Jerry Yip, who were employed by Defendants, worked in excess of forty hours per workweek, and were also paid a flat daily rate. Mak also offers the declaration of Wei Wang, a manager at Osaka, which corroborates his statements. Wang states that the sushi chefs at Osaka 2 worked more than forty and up to sixty-five hours per week and were paid a flat daily rate of about $125 to $145 per day. (Doc. 20-3 ¶ 5).

Since Mak filed his motion for certification, one former employee, Chen Wang ("Alex"), has filed Notice of Consent to opt in to the lawsuit. (Wang Notice of Consent, Doc. 22). This is sufficient evidence to provide a reasonable basis for crediting the assertion that aggrieved individuals are similarly situated to Mak and they wish to join the action. Therefore, Mak has offered sufficient evidence to satisfy his burden at the lenient notice stage.

The Court addresses Plaintiffs' Motion for Entry of Order Barring Certain Communications with Opt-In Class Members, Motion for Sanctions, and Request for Temporary Restraining Order (Doc. 24) in a separate opinion. However, the Court notes here that now that the class has been conditionally certified, "neither the parties nor their counsel may communicate with any potential opt-in plaintiffs during the opt-in period unless the potential plaintiff communicates with them first and consents to further communications." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 793, 801-802 (E.D. La. June 27, 2007) (citing *Updite*

*v. Delta Beverage Group, Inc.*, 2006 WL 3718229, at *5 (W.D. La. Dec. 15, 2006; *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 576 (M.D. Fla. 1996)).

### B. Notice

Because Mak meets his burden for conditional certification, he is entitled to limited discovery to aid in the distribution of notice to the class. *See, e.g.*, *De La Rosa Ortiz v. Rain King, Inc.*, 2003 WL 23741409, H-02-4012, at *1 (S.D. Tex. Mar. 10, 2003) (holding that discovery for class members is a routine component of notice in collective actions). Mak requests discovery of the last known names and addresses for all current and former employees within the defined class to be received within seven days. (Doc. 20 at 6). Defendants did not oppose this timeframe in their response to Mak's motion for conditional certification. Therefore, the Court orders Defendants to produce the requested discovery within seven days of entry of this Order.

Mak submitted a proposed notice as Exhibit 1 to his motion for conditional certification. (Pl.'s Proposed Notice to Employees of Osaka Japanese Restaurant, Inc. Doc. 20-1). Defendants object to Mak's proposed notice on the following bases: (1) the proposed notice is improperly styled as a pleading which carries an imprimatur of the Court and might be understood as a representation that the suit has merit; (2) the proposed notice does not include Defendants' position with regard to the claims; (3) the proposed notice is misleading in that it implies that joining the lawsuit is a "risk free and cost free proposition for the employee," when in fact employees who join may incur court costs and discovery obligations; and (4) the proposed notice suggests that it is only a matter of time before money owed for unpaid overtime is received. (Doc. 23 at 5-6.) Defendants further argue that the Court should grant the parties fourteen days in which to negotiate and seek to agree to the form of notice, and, in the event that the parties fail

to agree, the Court should grant an additional seven days for the parties to submit their alternative form notices.  (Doc. 23 at 4.)

Defendants' contention that the notice is improperly styled is without merit since the proposed notice includes merely the caption of the Court.  *See Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046-47 (N.D. Ill. 2003) ('[W]e think it improper for the district court to direct that the notice go out on its letterhead, over the signature of the clerk of court or other judicial officer,' not simply to include the name of the Court (quoting *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982))).  Similarly, Defendants' contention that the notice misleads employees as to the costs and obligations that they may incur by joining the suit is unsupported. Informing potential class members of costs is not central to the objective of providing notice. *See Littlefield v. Dealer Servs., L.L.C.*, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. 2010); *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb. 2009); *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (W.D. Wis. 2006); *Gieseke v. First Horizon Home Loan Corp.*, 2006 WL 2919076, at *1 (D. Kan. 2006); *Herrera v. United Mgmt. Corp.*, 2000 WL 1220973, at *2-3 (N.D. Ill. 2000); *Jackson v. Go-Tane Servs., Inc.*, 2000 WL 1221642, at *4 (N.D. Ill. 2000).  The Court disagrees with Defendants' interpretation of the notice as implying that it is only a matter of time before employees receive money for unpaid overtime wages.  The notice clearly states, "The Court, however, has not yet decided whether Defendants or Plaintiffs are right."  (Doc. 20-1 at 2).  However, the Court sustains Defendants' objection that notice shall include a description of Defendants' contentions.  *See Tolentino v. C&J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 654-55 (holding that "[t]he Court . . . will allow the notice to contain a brief explanation of Defendant's basis for disputing liability").

The Court orders that the parties jointly submit a proposed notice within fourteen days of

the issuance of this opinion.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Conditional Certification (Doc. 20) is **GRANTED**, and the following class is conditionally certified:

> "All sushi chefs who worked at Defendants' Osaka Japanese Restaurants at Westheimer Road or Bellaire Boulevard and who were not paid overtime at a rate of one and one half times their regular rate for hours worked in excess of forty hours per week during the three years prior to the date that notice is approved by this Court."

It is further

**ORDERED** that counsel for Plaintiffs and Defendants submit a jointly prepared proposed Notice to Potential Class Members revised in accordance with this Order within fourteen (14) days of entry of this Order. It is further

**ORDERED** that Defendants produce to Plaintiffs the last known names and addresses for all current and former employees within the defined class within seven (7) days of entry of this Order.

SIGNED at Houston, Texas, this 21st day of January, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE